# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

IN RE:

CARLA LYNETTE BOSTICK,                    CASE NO. 15-05318-5-DMW
                                          CHAPTER 13

    DEBTOR.

## MOTION FOR CONTEMPT AND SANCTIONS
## AGAINST CREDITOR WAKEMED PHYSICIAN PRACTICES

**NOW COMES** Carla Lynette Bostick ("Debtor"), by and through undersigned counsel of record, pursuant to § 105(a) of the Bankruptcy Code and the Court's inherent powers, and hereby respectfully submits this *Motion for Contempt and Sanctions Against Creditor WakeMed Physician Practices* (the "Motion"), seeking an Order holding WakeMed Physician Practices (hereinafter "WakeMed") in contempt and imposing sanctions for its willful violations of 11 U.S.C. § 107, Federal Rule of Bankruptcy Procedure 9037, and other applicable federal and state laws.  In support hereof, the Debtor shows unto this Court as follows:

### JURISDICTION AND BACKGROUND

1.      The Motion arises in the above-captioned chapter 13 bankruptcy proceeding, which was commenced by Debtor on October 1, 2015 (the "Petition Date"), in the United States Bankruptcy Court for the Eastern District of North Carolina (the "Court") and assigned Case No. 15-05318-5-DMW (the "Bankruptcy Case").

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, as well as the authority to hear and adjudicate said matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.

3.      WakeMed, upon information and belief, is a professional corporate network of physicians that operate as part of WakeMed Health & Hospitals system, which includes a

network of more than 50 office locations in eastern North Carolina and over 250 board-certified physicians covering a broad range of specialties.

4.     Prior to filing her Petition, the Debtor received medical treatment from WakeMed.  WakeMed claims to be owed $246.00 for medical services rendered, as represented by the Proof of Claim, Claim No. 2 (the "Proof of Claim").  Attached to the Proof of Claim, without redaction, was certain personal identification information relating to Debtor, including her complete birth date and address.  The inclusion of such information is in violation of federal and state identity protection laws, as well as the common law regarding privacy, and furthermore is a direct violation of Rule 9037 of the Federal Rules of Bankruptcy Procedure.

5.     On November 2, 2015, Debtor filed a Motion to Seal, seeking an Order from the Court restricting the Proof of Claim and Debtor's personal identification information from public view.

6.     On November 3, 2015, the Court entered an Order Requiring Sealing of Proof of Claim [DE-113] (the "Order to Seal Proof of Claim"), restricting access to the Proof of Claim to limited individuals.

7.     Notwithstanding the Motion to Seal, and due to WakeMed's willful or, in the alternative, negligent, failure to redact Debtor's private information from the Proof of Claim, it was published and was available for viewing by persons or entities which have access to PACER and to the CM/ECF systems from October 2, 2015, through November 3, 2015.

8.     Upon information and belief, and notwithstanding the Motion to Seal, the Debtor's private information may still be available for viewing via one of the third-party providers to either the CM/ECF System or the PACER System.

9.     Upon information and belief, at all times relevant herein, WakeMed has

maintained a "Privacy Policy" with respect to its past and present customers and patients, including Debtor, which is designed to prevent disclosure of certain private and personal information including, but not limited to, an individual patient's complete birthdate and address.

10.    Debtor never consented to the release of her private, non-public information into the public record or to any third party.

11.    WakeMed, under Fed. R. Bankr. P. 9037, has an affirmative duty to redact Debtor's address and all but the year of the Debtor's birth.

12.    Line 7 of Form B10, which is the Official Proof of Claim Form  adopted for use by United States Bankruptcy Courts, which was utilized by WakeMed in filing the Proof of Claim, specifically instructed WakeMed, as a creditor, to "[a]ttach **redacted** copies of documents providing evidence of perfection of a security interest."

13.    The Definitions portion of Form B10, which accompanies the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines (the "341 Meeting Notice") sent by the Clerk of Court for the Eastern District of North Carolina to all creditors, including WakeMed, specifically define "Redacted" as follows:

> A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information.  A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth.  If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

14.    Prior to initiation of this action, Debtor was not required to request that WakeMed seal the Proof of Claim, as WakeMed should not require coercion to comply with its affirmative duties.

15.    By disclosing Debtor's private information in the Proof of Claim, which was a

public court filing accessible by millions of individuals, entities and users worldwide, WakeMed knowingly and willfully violated Fed. R. Bankr. P. 9037.

16.     As a direct and proximate result of the foregoing willful actions of WakeMed, Debtor has suffered damages including, but not limited to, the costs, expenses and attorneys' fees associated with filing the Motion to Seal and the prosecution of this action.

17.     Accordingly, and by virtue of the foregoing, Debtor is entitled to an award of sanctions against WakeMed, on account of its course of conduct, including but not limited to, the costs associated with future credit monitoring, reasonable attorneys' fees and expenses incurred by Debtor in connection with the prosecution of this matter and protecting her personal identification information, pursuant to § 105 of the Bankruptcy Code.

**WHEREFORE,** and based upon the foregoing, Debtor respectfully requests that the Motion be ALLOWED and an Order entered providing the following relief:

1.     That in accordance with 11 U.S.C. § 105, the Court find the WakeMed in contempt for its violation of Federal Rule of Bankruptcy Procedure 9037, and impose sanctions on account of said violation in an amount equal to the actual damages incurred by Debtor in connection with the actions outlined above, including but not limited to, the reasonable attorneys' fees incurred;

2.     That the Court award Debtor, and order WakeMed to remit, punitive damages on account of its willful and malicious violations of the Federal Rules of Bankruptcy Procedure and applicable federal and North Carolina law, in an amount the court may deem appropriate under the circumstances of this case;

3.     For such other and further relief as this court deems just and proper.

Respectfully submitted this, the 17th day of November, 2015.

**STUBBS & PERDUE, P.A.**
*Counsel for Debtor Carla Lynette Bostick*

/s/William H. Kroll
WILLIAM H. KROLL
N.C. State Bar No. 39149
CHRISTOPHER B. VENTERS
N.C. State Bar No. 46470
cventers@stubbsperdue.com
Stubbs & Perdue, P.A.
9208 Falls of Neuse Road, Suite 201
Raleigh, NC 27615
(919) 870-6258
Fax: (919) 870-6259
wkroll@stubbsperdue.com
Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

**CARLA LYNETTE BOSTICK,**                     **CASE NO. 15-05318-5-DMW**
                                               **CHAPTER 13**

**DEBTOR.**

### NOTICE OF MOTION

NOTICE IS HEREBY GIVEN that the Debtor, by and through counsel, has filed an **MOTION FOR CONTEMPT AND SANCTIONS AGAINST CREDITOR WAKEMED PHYSICIAN PRACTICES** (the "Motion");

FURTHER NOTICE IS HEREBY GIVEN that the Motion may be allowed provided no response and request for a hearing is made by a party in interest in writing to the Clerk of this Court on or before December 4, 2015;

FURTHER NOTICE IS HEREBY GIVEN that a copy of any response should also be mailed to William H. Kroll, Attorney for the Debtor, at the address given below; and

FURTHER NOTICE IS HEREBY GIVEN that if a response and a request for a hearing is filed by a party in interest in writing within the time indicated, a hearing will be conducted on the Motion and Response thereto at a date, time and place to be later set by the Court and all interested parties will be notified accordingly.  If no request for a hearing is timely filed, the Court may rule on the Objection to Claim and Response thereto ex parte without further notice.

Respectfully submitted this, the 17th day of November, 2015.


                                    **STUBBS & PERDUE, P.A.**
                                    *Counsel for Debtor Carla Lynette Bostick*


                                    /s/William H. Kroll
                                    WILLIAM H. KROLL
                                    N.C. State Bar No. 39149
                                    cventers@stubbsperdue.com
                                    Stubbs & Perdue, P.A.
                                    9208 Falls of Neuse Road, Suite 201
                                    Raleigh, NC 27615
                                    (919) 870-6258
                                    Fax: (919) 870-6259
                                    wkroll@stubbsperdue.com
                                    Attorneys for Debtor

<u>**CERTIFICATE OF SERVICE**</u>

I, William H. Kroll, 9208 Falls of Neuse Road, Suite 201, Raleigh, NC 27615, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on the date shown below I served copies of the foregoing pleading on the parties listed below by depositing a copy in the United States mail bearing sufficient postage or electronically as indicated; and,

I certify under penalty of perjury that the foregoing is true and correct.

EXECUTED ON:  11/17/2015                           <u>s/William H. Kroll</u>
                                                                    WILLIAM H. KROLL
                                                                    N.C. State Bar No.:  39149
                                                                    E-mail:  wkroll@stubbsperdue.com
                                                                    STUBBS & PERDUE, P.A.
                                                                    9208 Falls of Neuse Road, Suite 201
                                                                    Raleigh, NC 27615
                                                                    (919) 870-6258
                                                                    (919) 870-6259 Facsimile


John F. Logan, Chapter 13 Trustee                (via CM/ECF)

WAKEMED PHYSICIAN PRACTICES          (via U.S. Mail)
Attn: Manager, Agent or Officer
2920 Highwoods Ave.
Raleigh, North Carolina 27604


Carla Lynette Bostick                                     (via electronic mail)